UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                          Case No.8:12-cr-65-T-27AEP

**DEMETRIUS G. FLOYD**
_____/

ORDER

This cause comes on for consideration of the Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict (D-59), and the Government's response in opposition thereto (D-61).

By way of background, Defendant was charged in an Indictment with one count of possession with the intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Defendant proceeded to trial. At the close of the Government's case-in chief, Defendant moved for a judgment of acquittal arguing that the Government had not satisfied its burden of proving Defendant's guilt beyond a reasonable doubt. The Court denied the motion and found sufficient evidence presented at trial for a jury to find Defendant guilty beyond a reasonable doubt. The jury found Defendant guilty of possessing with intent to distribute a quantity of cocaine base that was more than 28 grams but less than 280 grams.

Defendant timely filed his motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(c). Defendant contends that the

evidence was insufficient for the jury to find Defendant guilty of possession with intent to distribute cocaine base.

Rule 29 provides in relevant part that a court must order the entry of judgment of acquittal of "any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). "In considering a Rule 29 Motion for Judgment of Acquittal, the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, United States v. Brand, 775 F.2d 1460 (11th Cir. 1985), a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citing United States v. Cole, 755 F.2d 748 (11th Cir. 1985)).

As indicated, Defendant previously raised at trial his argument with regard to the sufficiency of the evidence, and the Court denied his motion for judgment of acquittal. Now, after viewing the evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, the Court again finds that there was sufficient evidence from which a reasonable jury could find the Defendant guilty beyond a reasonable doubt of possession with the intent to distribute 280 grams or more but less than 280 grams of crack cocaine.

The Government presented evidence that, at the time of the execution of the search warrant, law enforcement witnessed Defendant exiting the bedroom where crack cocaine was found. Personal items belonging to Defendant such as child support documents, his driver's license, and clothing were found in the room. The Government further presented evidence that a plastic box was found in the room. Inside the box was a plastic baggie and inside that baggie were two smaller baggies containing 31.3 grams and 2.5 grams of crack cocaine respectively. The Government presented testimony from Fiorella Covais and Tiffany Roy that the three baggies were swabbed and found to have DNA consistent with that of the Defendant. Roy testified that the chances of finding DNA consistent with what was discovered on the baggies with an individual other than the Defendant is one in every 600 million individuals. There was also evidence that Jermaine Green and Darryl Green were excluded as contributors to the DNA found on those bags.

The Government further introduced evidence that law enforcement found drug paraphernalia in the room consistent with drug trafficking. Specifically, a digital scale, a razor blade, and plastic baggies were located in the room. Additionally, law enforcement testified that over $1,400 of bundled currency was found on Defendant's person and that most of the currency consisted of $20 which was indicative of drug sales.

Given the foregoing, a reasonable jury could find that the

evidence established guilt beyond a reasonable doubt. As such, Defendant is not entitled to a judgment of acquittal.

The Court ORDERS as follows:

(1) Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict (D-59) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 22nd day of August, 2012.

*William Castagna* (signature)
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE