UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:12-cr-65-T-27AEP

DEMETRIUS FLOYD

_____/

**ORDER**

**BEFORE THE COURT** is Defendant Floyd's *pro se* "Emergency Motion to Reduce or Modify Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(C)()(I) and/or §12003(B)(2) of the Cares Act, Passed Into Law on March 27, 2020" (Dkt. 157). No response is necessary. The motion is **DENIED**.

Floyd was convicted of knowingly and willfully possessing with the intent to distribute a mixture and substance containing a detectible amount of cocaine base, 28 grams or more, but less than 280 grams. (Dkt. 57). He was sentenced as a career offender to 360 months imprisonment and eight years supervised release. (Dkt. 69). His conviction and sentence were affirmed (Dkt. 103). His motions under 28 U.S.C. § 2255 and Section 404 of the First Step Act of 2018 were denied. (Dkts. 114, 149).

Floyd now seeks compassionate release under 18 U.S.C. § 3582 and § 12003(b)(2) of the CARES Act to "minimize his exposure of contracting novel zoonotic highly dangerous Corona virus." (Dkt. 157 at 1). He asserts that the Bureau of Prisons (BOP) was "unprepared" for an outbreak of COVID-19 at Coleman Correctional Complex and is unable to provide adequate medical care. (Id. at 2-3). He also asserts that he is an "at risk-category (African American with asthma)," and provides supporting medical documentation. (Id. at 4). His contentions, however, do not entitle him to compassionate release.

1

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Although Floyd asserts that he requested the BOP to file a motion on his behalf and that "the BOP has refused to do so," he does not include the basis of his request to the BOP. (Dkt. 157 at 5). Nor does he provide a copy of that request. Rather, he submits the Warden's denial letter, dated February 28, 2020, which explains that Floyd requested early release "based on extraordinary and compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." (Dkt. 157-1 at 12). Missing from the Warden's denial, however, is any indication that Floyd requested the Warden to consider his medical conditions or COVID-19. Accordingly, Floyd has not established that he has exhausted his administrative remedies as to a request for compassionate release based on his medical conditions and COVID-19.[1] Contrary to his contentions, this requirement cannot be excused. (Dkt. 157 at 5).

Even if Floyd did exhaust his administrative remedies, he has not shown extraordinary and compelling reasons warranting a modification of his sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy

---

[1] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)"); *United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Floyd fall within these circumstances. Although he provides medical records reflecting that he has asthma (Dkt. 157-1 at 3-8), he does not assert or provide documentation demonstrating that he suffers from a terminal illness or that his medical conditions substantially diminish his ability to provide self-care. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020).

Further, to the extent Floyd argues that district courts have discretion to determine whether a defendant presents extraordinary and compelling circumstances independent of U.S.S.G. § 1B1.13 (Dkt. 157 at 6-7), courts in this Circuit have rejected that contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1-2 (S.D. Ga. Dec. 10, 2019). Even if true, Floyd has failed to assert an adequate basis to warrant compassionate release. Additionally,

3

although he cites the sentencing factors in 18 U.S.C. § 3553, absent an extraordinary and compelling reason to warrant a reduction, his sentence cannot be modified. (Dkt. 157 at 8); 18 U.S.C. § 3582(c)(1). Last, while Floyd's rehabilitation efforts are admirable, *see* (Dkt. 157 at 8-9; Dkt. 157-1 at 9-10), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t).

In sum, Floyd has not exhausted the administrative remedies available to him, and his reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. And to the extent he requests relief under section 12003(b) of the CARES Act, his contentions are without merit. Section 12003(b)(2) pertains to the BOP's authority under 18 U.S.C. § 3624(c)(2) to place an inmate on home confinement. CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2). Indeed, the authority to place a prisoner on home confinement rests solely with the BOP. *See* 18 U.S.C. § 3624(c)(2); *United States v. Brown*, No. 3:10-cr-282-J-34JBT, 2020 WL 3051352, at *1 (M.D. Fla. June 8, 2020).

Accordingly, absent extraordinary and compelling reasons or any other basis to grant compassionate release, relief cannot be granted, and the motion is **DENIED**.

**DONE AND ORDERED** this 17th day of September, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record